**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

APRIL 8, 2025

**VIA ECF**

Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re: *Newsday LLC v. Nassau County, Nassau County Legislature, and Bruce Blakeman, in his individual capacity*, Case No. 2:25-cv-01297-DG-ARL

Your Honor:

We write to request a pre-motion conference concerning a Fed. R. Civ. P. 12(b)(6) motion to dismiss Newsday LLC's ("Plaintiff") complaint (ECF No. 001), which Defendants Nassau County, Nassau County Legislature, and Bruce Blakeman ("Defendants") intend to file in lieu of an answer. Defendants further request that the Court dismiss, hold this case in abeyance, or in the alternative, stay the case, pending the completion of the parties' Section 50-h Hearing.[1]

Plaintiff alleges that Defendants violated its First Amendment Rights by "revoking" Newsday's designation as the official newspaper of Nassau County on December 16, 2024. Defendants' decision to designate the New York Post instead of Newsday as the official newspaper was allegedly retaliation for Newsday's coverage of Nassau County passing Local Law 121-24, entitled "A Local Law to Maintain a Safe and Fair Competitive Environment for Women and Girls Participating in Sports and Athletic Events." *See* Compl. ¶¶41–42. Plaintiff claims that Defendants' alleged conduct "constitutes impermissible viewpoint discrimination and other unconstitutional acts taken in retaliation" for Plaintiff's exercise of its First Amendment right to free speech. *See* Compl. ¶78. Plaintiff's claim fails.

**Legislative Immunity Bars Plaintiff's Claim**: Plaintiff's claim must be dismissed because the core conduct alleged is protected by legislative immunity, which shields government officials from liability for actions taken within the scope of their legislative duties. "[S]tate and local legislators are entitled to absolute immunity from [personal] liability under 42 U.S.C. §1983 for their legislative activities." *Bogan et al. v. Scott-Harris*, 523 U.S. 44, 49 (1998). The Second Circuit applies a "functional test" to determine whether legislators' actions constitute discretionary policymaking and are, therefore, entitled to immunity. *See Coco v. Incorporated Village of Belle Terre*, No. 01CV5061ADSARL, 2005 WL 8161157 (E.D.N.Y. Nov. 17, 2005); *see also Freeman v. Town of Irondequoit*, No. 23-112, 2023 WL

---

[1] On February 25, 2025, Defendants served Plaintiff with a Notice of § 50-h Hearing pursuant to NY Gen. Mun. Law § 50-h(2). The § 50-h Hearing is scheduled to occur on May 21, 2025.

April 8, 2025
Page 2

7013409, at *3 (2d Cir. Oct. 25, 2023).  Here, the designation of the New York Post instead of Newsday by the Legislature constitutes a core legislative function: it requires deliberation over public policy as opposed to mere administrative acts.  *See Bogan* at 49.  Legislative immunity is an absolute bar to claims arising from legislative conduct.  The cursory allegations that remain cannot stand on their own, and Plaintiff's claim must be dismissed as a matter of law.

**Plaintiff Fails to Establish Violation of Section 1983**:  Plaintiff claims that Defendants' alleged conduct represents "unconstitutional retaliation" under 42. U.S.C. § 1983.  *See* Compl. ¶1.  Plaintiff's section 1983 claim fails because Plaintiff fails to establish that "(1) [it] has a right protected by the First Amendment; (2) the [Defendants'] actions were motivated by or substantially caused by plaintiff's exercise of that right; and (3) the [Defendants'] actions effectively chilled the plaintiff's exercise of his rights." *Harris v. City of New York*, No. 09-CV-3474 KAM, 2013 WL 4858333, at *6 (E.D.N.Y. Sept. 10, 2013).  Plaintiff has no First Amendment right to be the one official newspaper of Nassau County (or to receive comment on demand from the County) and has not alleged any chilling of its speech.  Government entities and officials have broad discretion in legislative activity, and not every unfavorable decision represents unconstitutional retaliation.  *See Williams v. Town of Greenburgh*, 535 F.3d 71, 78 (2d Cir. 2008).  Plaintiff has failed to plausibly allege—based on the face of the complaint and what it incorporates—that it has suffered a cognizable harm or that the alleged actions were taken in retaliation for Plaintiff's protected speech, as opposed to legitimate government reasons.  Because Plaintiff has not established the necessary elements of its claim, dismissal should be granted.

Moreover, given that Plaintiff's allegations against Bruce Blakeman reference conduct taken in his official capacity, Defendants seek to dismiss Defendant Blakeman in his individual capacity from the case. *See Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004).  Personal liability under Section 1983 requires a showing of "personal involvement" beyond the defendant's official duties.  *Id.*  None was alleged here.

**Government Speech:**  Plaintiff's claim also fails because the County's selection of the newspaper of record—and its statements in that paper—are protected government speech.  *See Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 541 (2001) ("[V]iewpoint-based funding decisions can be sustained in instances in which the government is itself the speaker.").  The government has broad discretion to communicate messages and express viewpoints in the furtherance of public interests, as it so deems.  Under the government speech doctrine, the government can control the content of speech when it is funding and administering a program.  *See Rust v. Sullivan*, 500 U.S. 173, 193 (1991).  The fact that Defendants were engaged in government speech is established by transcripts Plaintiff incorporates in the complaint.  *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint.").  The Second Circuit has recognized that government speech encompasses official statements, legislative resolutions, and policy enactments.  Here, Defendants' decision to designate the New York Post instead of Newsday as the official county newspaper constitutes a legitimate exercise of Defendants' government speech rather than an infringement on any of Plaintiff's protected rights.  Because Plaintiff attempts to impose liability for protected government expression, its claim must be dismissed.

**Government Contractor**:   Plaintiff is not a government contractor because the paper designation process is mandated every year and Newsday has no right to be designated every year.  But even assuming for the sake of argument that Plaintiff is entitled to treatment as a government contractor, its claim would fail because the government has broad discretion in contracting decisions and is not obligated to engage with particular speakers.  *O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712, 713, 116 S. Ct. 2353, 2355 (1996). Government contractors are not shielded from adverse contracting decisions based on the government's policy objectives.  *Bd. of Cnty. Comm'rs, Wabaunsee Cnty., Kan. v. Umbehr*, 518 U.S. 668, 674, 116 S. Ct. 2342, 2347, 135 L. Ed. 2d 843 (1996).  Here, the decision to designate the New York Post instead of Newsday was driven by Defendants' concern over Nassau County citizens' ability to access to the published information, which falls well within the ambit of the government's discretion.[2]  Because the government is entitled to make contracting decisions based on policy considerations, Plaintiff's claim should be dismissed.

**The Case Should be Dismissed, Stayed, or Held in Abeyance Pending the Parties' § 50-h Hearing**: Finally, Defendants request that this case be dismissed, held in abeyance, or in the alternative, stayed, pending the scheduled hearing called for under NY Gen. Mun. Law § 50-h.  Under § 50-h(5), a party asserting claims against a municipality must submit to oral examination before commencing the litigation.  *See* N.Y. Gen. Mun. Law § 50-h (5).  New York's"[n]otice of claim requirements 'are construed strictly' and failure to comply with these requirements ordinarily requires dismissal for failure to state a cause of action."  *Przybyla v. Cty. of Suffolk*, No. 09-CV-5129, 2017 WL 1274051, at *2 (E.D.N.Y. Mar. 3, 2017); *see also See Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 794 (2d Cir. 1999). Here, Plaintiff's claim arises from alleged conduct by Nassau County and its employees, thus triggering § 50-h.  Plaintiff effectively acknowledges this fact, noting that it will seek leave to amend the complaint in order to add state claims after the section 50-h hearing takes place on May 21, 2025.  *See* Compl. ¶ 73.   Given Plaintiff has indicated that its complaint will be amended and expanded, the interests of judicial economy dictate that this case be dismissed, stayed, or held in abeyance until Plaintiff's complaint takes its final form.

For the reasons stated above, Defendants request a pre-motion conference to discussed the proposed motion to dismiss Plaintiff's complaint.  Thank you for your consideration.

Respectfully submitted,


*/s/*      Todd G. Cosenza

Todd G. Cosenza

---

[2] At the December 16, 2024 Nassau County Full Legislature Meeting, Legislator Ferretti stated two reasons for his support of the decision to revoke Plaintiff's designation: ""Number one is the paywall issue. I think it's extremely important that all residents, regardless of your financial ability, has access to this information. And clearly The Post is a better choice in that regard. And secondarily, as a presiding officer touched on, you know, talk about transparency as Legislator Davis did, Newsday was asked to provide their circulation numbers. They didn't. They declined to provide it. So there's that lack of transparency from Newsday is the second reason I will be supporting this."  *See* Nassau County Full Legislature Meeting (Dec. 16, 2024) Tr. 108:2-19.