**Ballard Spahr LLP**

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Lynn Oberlander
Tel: 646.346.8011
Fax: 212.223.1942
oberlanderl@ballardspahr.com

April 15, 2025

*By Electronic Filing*

Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Newsday LLC v. Nassau County et al.*, No. 25 Civ. 1297 (DG) (ARL) (E.D.N.Y.)

Dear Judge Gujarati:

We represent Plaintiff Newsday LLC ("Newsday") in the above-captioned matter. On April 8, 2025, Defendants Nassau County, Nassau County Legislature, and Bruce Blakeman (in his individual capacity) (collectively, "Defendants") requested a pre-motion conference regarding their anticipated motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 19. Because the Complaint plausibly alleges a claim under 42 U.S.C. § 1983 for First Amendment retaliation, Newsday will oppose Defendants' motion. However, Newsday plans to move promptly to amend its Complaint to add certain state law claims following an administrative inquiry required under New York General Municipal Law § 50-h that Defendant Blakeman scheduled for May 21.[1] Newsday therefore supports Defendants' request to hold the motion in abeyance until after Plaintiff moves to amend the Complaint.

As described in the Complaint, Defendants violated the First Amendment by penalizing Newsday for publishing news and editorial viewpoints they disfavored. Defendants' retaliatory campaign to punish Newsday financially culminated in their stripping Newsday last December of its longstanding authority to publish Nassau County's legal notices as an "official newspaper" of the County. *See* Compl. ¶¶ 33-64.

Defendants also violated state law in carrying out this retaliation. Among other illegal acts, Defendants last June purported to change provisions in the Nassau County Charter

---

[1] *See* Compl. ¶ 73 & n.39. After Newsday served its requisite Notice of Claim concerning the state law violations on January 28, 2025, Defendants waited nearly a month to demand a Rule 50-h hearing and then scheduled that hearing nearly 90 days later. Under New York State law, Plaintiff cannot bring its state-law claims until after that hearing.

Hon. Diane Gujarati
April 15, 2025
Page 2

governing the designation of official newspaper without following procedures mandated by state law to effect such a Charter revision. Specifically, Defendants voted to change the Charter's grant of authority to the legislators from the two top political parties to each designate an official paper, to a system calling for the full legislature to select a paper on the recommendation of the County Executive. State law requires such a Charter revision to be submitted to a public referendum, but no vote was held during the November election. Then, in December, Defendants violated the Open Meetings Law by acting under the ineffective Charter amendment to strip Newsday of its designation without prior notice. *See* Compl. ¶¶ 49-64.

The Complaint plainly alleges viewpoint discrimination in violation of the First Amendment. *See Decker Advert. Inc. v. Delaware Cnty.*, 2025 WL 591940, at *5 (N.D.N.Y. Feb. 24, 2025) (finding that de-designation of official paper for its coverage alleged a retaliation claim); *Associated Press v. Budowich*, 2025 WL 1039572, at *19 (D.D.C. Apr. 8, 2025) (declaring "that the AP's exclusion has been contrary to the First Amendment" where done for viewpoint discriminatory reasons and enjoining "the Government from continuing down that unlawful path"), *appeal docketed*, No. 25-5109 (D.C. Cir. Apr. 10, 2025). Defendants' repeated incantation that Newsday has no "right" to be Nassau County's official newspaper, *see* Dkt. 19 at 2-3, entirely misses the mark. For more than seventy-five years, the Supreme Court has "made clear that . . . the government . . . may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech." *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). Each of Defendants' specific arguments for dismissal also fail.

**Legislative Immunity Does Not Bar Newsday's Claim**: Defendants argue that legislative immunity shields Nassau County Legislature, but "[i]mmunity, either absolute or qualified, is a *personal* defense that is available only when officials are sued in their individual capacities." *Almonte v. City of Long Beach*, 478 F.3d 100, 106 (2d Cir. 2007). In other words, "local governments, municipalities, or officials sued in their official capacity are not entitled to legislative immunity." *Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 413 (E.D.N.Y. 2021). Legislative immunity does not bar Newsday's claim against the Nassau County Legislature. *See Nassau Cnty. Emp. "L" v. Cnty. of Nassau*, 345 F. Supp. 2d 293, 298 (E.D.N.Y. 2004) (finding that the Nassau County Legislature is capable of being sued but dismissing claim against it on other grounds).

**Newsday's Independent Contractor Role Does Not Bar its Claim**: Entities with a "pre-existing commercial relationship with the government" are independent contractors who have "the right . . . not to be terminated for exercising their First Amendment rights." *Bd. of Cnty. Comm'rs v. Umbehr*, 518 U.S. 668, 685-86 (1996). Newsday's preexisting commercial relationship with Nassau County, *see* Compl. ¶¶ 29, 31, cannot be terminated because Defendants do not like its editorial viewpoint.

**Newsday Has Alleged a Section 1983 Violation**: The elements of a *prima facie* First Amendment retaliation claim under Section 1983 vary "depending on the factual context." *Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008). Where, as here, a plaintiff is an independent contractor, the appropriate test is the one used for government employees.

Hon. Diane Gujarati
April 15, 2025
Page 3

*See Decker Advert.*, 2025 WL 591940, at *5 (collecting cases). Accordingly, to survive dismissal, a plaintiff must allege that (1) they engaged in protected speech by commenting "as a citizen on a matter of public concern," (2) they "suffered an adverse employment action," and (3) "a causal connection existed between the adverse action and the protected activity." *Specht v. City of N.Y.*, 15 F.4th 594, 600 (2d Cir. 2021). The Complaint does so through factual allegations that: (1) Newsday "extensively covered Blakeman's efforts to prevent transgender women and girls from participating on sports teams with cisgender women and girls at County facilities," Compl ¶¶ 34-36, (2) Newsday was removed as Nassau County's official newspaper, *id.* ¶¶ 57-64, and (3) this removal and other adverse consequences were the direct result of Defendants' displeasure with Newsday's coverage of the Blakeman administration, including Defendant Blakeman's positions on transgender women in sports, *id.* ¶¶ 65-67.

A claim is also properly stated against Defendant Blakeman in his individual capacity through allegations demonstrating his knowing, direct, and personal participation in the First Amendment retaliation. As Defendants' own authority recognizes, an individual sued in their personal capacity is only properly dismissed where "no evidence in the record indicat[es] that they had any involvement in any of the harassing incidents of which [plaintiff] complains." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004). Newsday's Complaint is replete with examples of Defendant Blakeman's objections to Newsday's editorial coverage of his positions and the "holy war" he mounted to harm the paper, in violation of the Constitution. *See generally* Compl. ¶¶ 33-61.

**Defendants' Retaliation Against Newsday Is Not Protected Government Speech**: Defendants finally argue that their selection of an official newspaper is government speech. The "holistic inquiry" required to determine when speech is government speech turns on "the history of the expression at issue; the public's likely perception as to who (the government or a private person) is speaking; and the extent to which the government has actively shaped or controlled the expression." *Shurtleff v. City of Boston*, 596 U.S. 243, 252 (2022). Defendants make no attempt to satisfy this factor-based analysis. *Cf. Budowich*, 2025 WL 1039572, at *10 (rejecting government speech doctrine as "[t]he act of curating the press pool is not itself a form of speech.").

For the reasons discussed above, Newsday respectfully requests that the Court hold the Defendants' motion to dismiss in abeyance until after the Rule 50-h hearing, and Plaintiff files its motion to amend the Complaint.

Respectfully submitted,

*Lynn Oberlander*

Lynn Oberlander


cc:     Defendants (via ECF)