**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

June 13, 2025

**VIA ECF**

Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re:     *Newsday LLC v. Nassau County* et al., Case No. 2:25-cv-01297-DG-ARL

Your Honor:

We write to renew our previous request for a pre-motion conference. Plaintiff Newsday LLC's amended complaint ("AC," ECF No. 22) reasserts its First Amendment claim, along with claims for alleged violations of New York's Municipal Home Rule Law and Open Meetings Law. In lieu of an answer, Defendants intend to move to dismiss that complaint under Fed. R. Civ. P. 12(b)(6).

Plaintiff's amended complaint reasserts its First Amendment claim concerning the designation of the *New York Post* as the County's official newspaper. *See* AC ¶ 85. Plaintiff also asserts that the amendment to the local law concerning designation of the County's official paper constituted a curtailment of the power of the legislature to designate an official newspaper, and thus, under the Home Rule Law, must be subject to a referendum to be effective. AC ¶¶ 90–92. And Plaintiff asserts that the agenda item concerning designating the County's official newspaper was not publicized before the December 16, 2024 meeting of the County Legislature, in violation of the Open Meetings Law. AC ¶¶ 97–98. Plaintiff's claims fail.

### FEDERAL FIRST AMENDMENT CLAIM

***Legislative immunity***. Plaintiff's First Amendment claim must be dismissed as to the Legislature and Bruce Blakeman because the core conduct alleged is protected by legislative immunity, which shields government officials from liability for actions taken within the scope of their legislative duties. "[S]tate and local legislators are entitled to absolute immunity from [personal] liability under 42 U.S.C. § 1983 for their legislative activities." *Bogan et al. v. Scott-Harris*, 523 U.S. 44, 49 (1998). The Second Circuit applies a "functional test" to determine whether legislators' actions constitute discretionary policymaking and are, therefore, entitled to immunity. *See Coco v. Incorporated Village of Belle Terre*, No. 01CV5061ADSARL, 2005 WL 8161157 (E.D.N.Y. Nov. 17, 2005); *see also Freeman v. Town of Irondequoit*, No. 23-112, 2023 WL 7013409, at *3 (2d Cir. Oct. 25, 2023). Moreover, where the actions of a member of the executive branch are "legislative in nature," that executive's actions are similarly entitled to absolute legislative immunity. *Orange v. Cnty. of Suffolk*, 830 F. Supp. 701, 706 (E.D.N.Y. 1993). As relevant here, where an executive makes a "propos[al]" that the legislature subsequently acts on, he is engaged in legislative action and thus "entitled to legislative immunity." *Id.* (citing *Drayton*

*v. Mayor & Council of Rockville*, 699 F. Supp. 1155, 1156 (D. Md. 1988)).

Here, the designation of the *New York Post* by the Legislature is not a mere ministerial act, but a core legislative function—one that involved the Legislature's deliberation over public policy and the allocation of taxpayer funds. *See Bogan*, 523 U.S. at 49. And in proposing that the *New York Post* become the County's official newspaper—a proposal that has no legal effect without further action by the Legislature—Mr. Blakeman was similarly engaged in legislative action. *See Orange*, 830 F. Supp. at 706. Legislative immunity is an absolute bar to claims arising from legislative conduct.[1]

***No violation of Section 1983.***  Plaintiff's Section 1983 claim fails because Plaintiff fails to plausibly allege that "(1) [it] has a right protected by the First Amendment; (2) the [Defendants'] actions were motivated by or substantially caused by plaintiff's exercise of that right; and (3) the [Defendants'] actions effectively chilled the plaintiff's exercise of [its] rights." *Harris v. City of New York*, No. 09-CV-3474 KAM, 2013 WL 4858333, at *6 (E.D.N.Y. Sept. 10, 2013). Plaintiff has not plausibly alleged any First Amendment right to be designated the County's official newspaper. Government entities and officials have broad discretion in legislative activity, and not every unfavorable decision represents unconstitutional retaliation. *See Williams v. Town of Greenburgh*, 535 F.3d 71, 78 (2d Cir. 2008). Plaintiff has failed to plausibly allege either (1) a cognizable harm or (2) that Defendants acted in retaliation for Plaintiff's protected speech, and not for legitimate government reasons. Moreover, given that Plaintiff's allegations against Mr. Blakeman reference conduct taken in his official capacity, Defendants seek to dismiss Mr. Blakeman, who is sued only in his individual capacity. *See Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004). Personal liability under Section 1983 requires a showing of "personal involvement" beyond official duties, *id.,* but none has been alleged here.

***Protected government speech.***  Plaintiff's claim also fails because the County's selection of the newspaper of record—and its statements in that paper—are protected government speech. *See Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 541 (2001) ("[V]iewpoint-based funding decisions can be sustained in instances in which the government is itself the speaker."). The government has broad discretion to communicate messages and express viewpoints in the furtherance of what it deems are public interests. Under the government-speech doctrine, the government can control the content of speech when it is funding and administering a program. *See Rust v. Sullivan*, 500 U.S. 173, 193 (1991). The transcripts Plaintiff incorporates in the amended complaint establish that Defendants were engaged in government speech. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) (affirmative defenses appearing on the face of the complaint may be considered at the motion-to-dismiss stage). Here, Defendants' decision to speak through the *New York Post* instead of *Newsday* as the County's official newspaper is not an infringement of any of Plaintiff's protected rights but a legitimate exercise of Defendants' government speech. Because Plaintiff attempts to impose liability for protected government expression, its First Amendment claim must be dismissed.

***No government contractor.***  The government has broad discretion in contracting decisions and is not obligated to engage with particular speakers. *O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712, 713, 116 S. Ct. 2353, 2355 (1996). Government contractors are not shielded from adverse contracting decisions based on the government's policy objectives. *Bd. of Cnty. Comm'rs, Wabaunsee*

---

[1] Moreover, the County officials also enjoy qualified immunity for their discretionary actions, which did not violate any of Plaintiff's clearly established federal rights. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

*Cnty., Kan. v. Umbehr*, 518 U.S. 668, 674, 116 S. Ct. 2342, 2347, 135 L. Ed. 2d 843 (1996). Here, the decision to designate the *New York Post* instead of *Newsday* was driven by Defendants' concerns about (1) the poor quality of Newsday's work, and (2) Nassau County citizens' inability to access the published information. Because the government is entitled to make contracting decisions based on policy considerations, Plaintiff's claim should be dismissed.

## STATE LAW CLAIMS

**§ 50-h hearing**. At the § 50-h hearing, Plaintiff's designated witness, Jason Neknez, was unprepared to testify as to the bases for Plaintiff's state-law claims. Mr. Neknez stated that he was unaware of the bases of either of Plaintiff's state-law claims. Neknez Dep. 74–75, 77–78. Plaintiff's failure to participate in good faith in the § 50-h hearing merits dismissal. Newsday's attempt to cure that failure by offering to have its counsel slide down to the witness seat and testify was not a good-faith solution. Newsday had three months to prepare for the examination and there is no excuse for its gamesmanship.

**No standing to challenge § 2211.** Plaintiff claims that Defendants violated the Home Rule Law when they amended the County's procedure for designating an official newspaper, because, Plaintiff asserts, the amendment curtailed the Legislature's power. But Plaintiff lacks standing to bring any such claim. Plaintiff's amended complaint makes clear it could not have qualified for selection as an official newspaper under the previous version of § 2211 because it does not have an "average paid daily general circulation not less than fifty thousand within the county." *See* AC ¶ 23 (alleging daily circulation of less than 34,000). It therefore cannot have been injured by the amendment of § 2211.

**No curtailment of legislative authority**. Because the amendment merely grants the Executive an advisory role and provides that the Legislature remains authorized to "designate" an official newspaper, the Legislature's authority has not been curtailed.

**No referenda for charter laws.** Plaintiff relies on Home Rule Law § 23, but the relevant section is § 34, governing restrictions on charter laws—laws that amend the county charter. Under § 34, even if an official's authority had been curtailed, no referendum is required unless the Legislature so orders or 5% of the county's voters petition to protest the law. Plaintiff does not allege that either occurred, so its contention that a referendum was required is unfounded.

**No request for the text of the resolution**. Under the Open Records law, a "proposed resolution … that is scheduled to be the subject of discussion by a public body during an open meeting shall be made available, *upon request therefor, to the extent practicable* at least twenty-four hours prior to the meeting." *Id.* § 103(e). Plaintiff does not allege that it made any request for the text of the resolution. Its § 50-h witness testified that he was unaware of Plaintiff making any such request. Plaintiff has not adequately pleaded that the Legislature had any obligation to make that text available, and so its claim fails.

For the reasons stated above, Defendants request a pre-motion conference to discuss the proposed motion to dismiss Plaintiff's amended complaint. Thank you for your consideration.

Respectfully submitted,

*/s/      Todd G. Cosenza*
Todd G. Cosenza