UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NEWSDAY LLC,

                              Plaintiff,                               **Rule 26(f) Report**

       -against-                                                     CV 25-879 (ARL)

NASSAU COUNTY, NASSAU COUNTY
LEGISLATURE, BRUCE BLAKEMAN,
                              Defendant.
-----------------------------------------------------------X

       Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on <u>6/17/2025</u> and was attended by:
    Lynn Oberlander
    <u>Saumya Vaishampayan</u>, counsel for plaintiff(s) and
Todd Cosenza, Sean Sandoloski
and Brittany <u>Wagonheim</u>, counsel for defendant(s).

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.     <u>INITIAL DISCLOSURES</u>
    Have the parties agreed to make initial disclosures?

    <u> x </u> Yes     <u>    </u> No     <u>    </u> The proceeding is exempt under Rule 26(a)(1)(B).

    If yes, such initial disclosures shall be made by <u>Plaintiff's proposal: 7/16/25</u>.
    Defendants' proposal: 14 days after the Court issues a ruling on Defendants' forthcoming MTD

2.     <u>VENUE AND JURISDICTION</u>
    Are there any contested issues related to venue or jurisdiction?

    <u>    </u> Yes     <u> x </u> No

    If yes, describe the issue:

    If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by <u>        </u>.

3.     <u>PARTIES AND PLEADINGS</u>
    a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by <u>30 days after MTD is decided</u>.
    b. If the case is a class action, the parties agree that the motion for class certification shall be filed by <u>        </u>.

2

4. <u>MOTIONS</u>
   Are there any pending motion(s)? <u> x </u> Yes  <u>      </u> No

   If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:
   On June 13, 2025, Defendants moved for a pre-motion conference regarding their anticipated motion to dismiss the Amended Complaint.  *See* Dkt. 24.

5. <u>ISSUES</u>
   Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand (an attachment may be provided to complete this section):

   Plaintiff's amended complaint asserts a Section 1983 claim for First Amendment retaliation concerning the designation of Nassau County's official newspaper. Plaintiff also asserts that the amendment to the local law concerning designation of Nassau County's official paper constituted a curtailment of the power of the legislature to designate an official newspaper, and thus, under New York Municipal Home Rule Law, must be subject to a referendum to be effective. Plaintiff further asserts that the agenda item and proposed resolution concerning the designation of Nassau County's official newspaper was not publicized before the December 16, 2024 meeting of the Nassau County Legislature, in violation of New York's Open Meetings Law.

6. <u>DISCOVERY PROCEDURES</u>
   a. The parties agree that all discovery, inclusive of expert discovery, shall be completed by <u>P's proposal: 3/26/26; D's proposal: 9 months after MTD is decided</u>. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period, allowing for a timely response. If, after having met and conferred, the parties are unable to reach an agreement on any matter related to discovery, they may seek the Court's assistance by letter motion pursuant to Local Rule 37.3 and in accordance with Judge Lindsay's Individual Rules.

   b. Do the parties anticipate the production of ESI? <u> x </u> Yes <u>    </u> No[1]
      If yes, describe the protocol for such production:
      The parties remain in discussion over the ESI protocol.

   c. Do the parties intend to seek a confidentiality order?[2] Yes
      If yes, such order or agreement shall be filed with the Court by <u>P's proposal: 7/16/25  Ds' proposal: 14 days after the Court issues a ruling on Defendants' forthcoming MTD</u>.

---

[1] See attachment A.
[2] See attachment B.

3

7. EXPERT TESTIMONY
   a. Primary expert reports must be produced by _P's proposal: 1/26/26 / Ds' proposal: 2 months before discovery close_.
   b. Rebuttal expert reports must be produced by _P's proposal: 2/26/26 / Ds' proposal: 1 month before discovery close_.

   The schedule for expert discovery must be set in such a way to be completed before the discovery end date set for in paragraph 6(a). Absent a court order, this includes the time needed to complete expert depositions.

8. DISPOSITIVE MOTIONS
   Any party planning on making a dispositive motion must take the first step in the motion process by _P: 4/26/26; D: 1 month after discovery close_. It is expected that dispositive motion practice will commence approximately two weeks following the close of discovery.

9. SETTLEMENT
   Settlement discussions have ____ / have not __x__ taken place.

   Counsel for the parties have discussed an informal exchange of information in aid of early settlement in this case and have agreed upon the following:

   Settlement discussions are premature given the pending motion.

   No later than one week after the close of discovery, counsel for all parties must meet to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to confirming that the settlement discussion occurred.

   The parties agree to make a good faith effort to settle this case. The parties understand that this case may be referred to an attorney mediator for a settlement conference. The use of any alternative dispute resolution mechanism does not stay or modify any date set forth in the scheduling order.

   In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.

10. RULE 16 PRETRIAL CONFERENCE
    Upon receipt of this Form the court will schedule a Rule 16 conference by telephone.

11. CONSENT TO MAGISTRATE JUDGE
    Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)

    _____ Yes    __x__ No

12. OTHER MATTERS
    Indicate any other matters for the Court's consideration:

4

13. Once approved any request for modification of this scheduling order must be in writing, and submitted in accordance with the undersigned's Individual Rule 1 (D) which requires that applications be made at least forty-eight hours before the scheduled appearance or deadline.

All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses. Failure to do so could lead to the entry of a dismissal or default.

Dated: 6/25/25

/s/ *Lynn B. Oberlander*
Lynn B. Oberlander
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942
oberlanderl@ballardspahr.com

*Attorneys for Plaintiff Newsday LLC*

/s/ *Todd Cosenza*
Todd G. Cosenza
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Telephone: 212.728.8000
Facsimile: 212.728.8111
tcosenza@willkie.com

Jeremy M. Bylund
Sean Sandoloski
WILLKIE FARR & GALLAGHER LLP
1875 K. St. N.W.
Washington, D.C. 20006-1238
Telephone: 202.303.1000
Facsimile: 202.303.2000
jbylund@willkie.com
ssandoloski@willkie.com

*Attorneys for Defendants Nassau County, Nassau County Legislature, and Bruce Blakeman*