# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

July 25, 2025

**VIA ECF**

Honorable Arlene R. Lindsay
United States District Court
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

Re: *Newsday LLC v. Nassau County, et al.*, Case No. 2:25-cv-01297-DG-ARL - Letter Motion Requesting Stay of Discovery

Dear Judge Lindsay,

    We represent Nassau County, the Nassau County Legislature, and Bruce Blakeman (collectively, "Defendants") in the above-captioned matter. Defendants respectfully move to stay all discovery in this case pending resolution of Defendants' forthcoming Motion to Dismiss, which will raise defenses of immunity and lack of Article III standing and will likely result in dismissal of Plaintiff's complaint.

    Courts in this District routinely stay discovery where dispositive motions "raise[] serious questions" or present "substantial arguments" for dismissal. *See Simon v. N.Y. City Dep't of Educ.*, 2024 WL 4932765, at *1 (E.D.N.Y. Dec. 2, 2024) (staying discovery where the defendants' motion to dismiss "raised serious questions about the legal viability of the complaint"); *Palladino v. JPMorgan Chase & Co.*, 730 F. Supp. 3d 4, 11 (E.D.N.Y. 2024) ("Where … defendants have presented substantial arguments for dismissal of many, if not all, of the claims asserted in the lawsuit, a stay of discovery is appropriate.") (citation omitted). Under Rule 26(c), this Court "may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Alloway v. Bowlero Corp.*, 2025 WL 1220185, at *1 (E.D.N.Y. Apr. 28, 2025). To determine whether good cause exists, "courts typically consider: (1) whether the Defendants has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (quoting *Amron v. 3M Minnesota Mining & Manufacturing Company*, 2024 WL 263010, at *2 (E.D.N.Y. Jan. 24, 2024)). Because, here, allowing discovery would vitiate Defendants' immunity from suit and burden the Court with unnecessary and potentially improper litigation, discovery should be stayed. *See Cohen v. Saraya USA, Inc.*, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) (holding that a stay of discovery is appropriate because "the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided"); *Oestreicher v. Equifax Info. Servs., LLC*, 2023 WL 3819378, at *2 (E.D.N.Y. June 5, 2023) (discovery is burdensome where it "would be a potential waste of resources").

In accordance with Your Honor's Individual Practices ¶ 2(A) and Local Civil Rule 37.3, counsel for the parties conferred in good faith in effort to resolve this discovery dispute at the July 8, 2025 Pre-Motion Conference and at their Rule 26(f) conference on July 24, 2025, but failed to reach agreement.

I.   **Immunity and Legislative Privilege Shield Defendants from Discovery.**

The Supreme Court has made clear that absolute and qualified immunity are not merely defenses to liability, but immunity from suit. *See Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) (local and regional legislators are "absolutely immune from suit under § 1983 for their legislative activities"); *Francis v. Coughlin*, 849 F.2d 778, 780 (2d Cir. 1988) ("[U]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*.") (internal quotations omitted). Further, a party that has pleaded qualified immunity is shielded not only from liability but also from "stand[ing] trial or fac[ing] the other burdens of litigation." *See Francis*, 849 F.2d at 780. Defendants' Rule 12(b) Motion will show that Defendants are entitled to absolute immunity and, in the alternative, qualified immunity because the acts alleged in Plaintiff's operative complaint fall squarely within the scope of Defendants' legislative activities and violated no clearly established right.

*Legislative immunity.* Plaintiff's claims stem from acts taken in Defendants' legislative roles. As this Court has repeatedly ruled, Defendants are absolutely immune from suit where, as here, a plaintiff's complaint "alleges only that [P]laintiffs were injured as a result of legislative activities." *Searingtown Corp. v. Inc. Vill. of N. Hills*, 575 F. Supp. 1295, 1298 (E.D.N.Y. 1981) (dismissing claims where plaintiffs' discovery "aimed at delving into [the defendant'] thought processes, motivations, and deliberations regarding the legislation they enacted and of which plaintiffs complain").

*Qualified immunity.* Defendants are separately entitled to qualified immunity, which bars the discovery Plaintiff seeks. Plaintiff has not identified the violation of any clearly established right. Its complaint asserts that Defendants violated its First Amendment right by designating a different newspaper as the county's official newspaper and by allowing political considerations to motivate that selection. But that is not a violation of any recognized First Amendment right, and in any event the underlying state law—N.Y. County Law § 214, cited by Plaintiff—expressly requires political considerations, so any right of Plaintiff's to an apolitical Legislature could not be clearly established. Indeed, recent caselaw makes clear that the press has no First Amendment *right* to participate in specific government press events. *Assoc. Press v. Budowich*, 2025 WL 1649265, at *1 (D.C. Cir. June 6, 2025).

*Legislative privilege.* Finally, courts in this Circuit have consistently found that legislative privilege protects deliberative communications and documents. *See, e.g.*, *ACORN v. Cnty. of Nassau*, 2009 WL 2923435, at *5 (E.D.N.Y. Sept. 10, 2009). As this Court ruled in *Searingtown*, discovery into legislative motivations is impermissible as a matter of law, "and to reject [Defendants'] claim of evidentiary privilege would undermine their absolute immunity, the purpose of which is to protect the integrity of the legislative process." 575 F. Supp. at 1299.

Applying the five-factor test from *Favors v. Cuomo*, 285 F.R.D. 187, 209–10 (E.D.N.Y. 2012), the relevant factors weigh in favor of shielding Defendants from discovery at this stage. Plaintiff's discovery will seek materials regarding legislators' decision not to designate Plaintiff as the official county newspaper, but publicly available transcripts, minutes, and videos published by Defendants as a matter of course reveal their reasoning. This suit is not one of the "extraordinary cases in which [P]laintiff's needs override" the legislators' privilege, and does not warrant the risk that invasive discovery will chill frank legislative discussion in the future. *See ACORN v. Cnty. of Nassau*, 2007 WL 2815810, at *3 (E.D.N.Y. Sept. 25, 2007)("[N]either plaintiffs' submissions nor the court's own research has identified a single case in which the seriousness of the litigation overrode the assertion of legislative privilege as

to testimony regarding a legislator's motivations."). Nor is this a marginal case concerning mostly non-legislative action in which some allowance might be made for discovery. Plaintiff seeks to invade a core legislative function—deliberation over a decision that the Legislature must make as a matter of law.

Once the Legislature and County Executive are dismissed from the case, the remaining allegations against the County do not suffice to state a claim. Plaintiff's failure to show a single violation of its rights means, a fortiori, that it cannot show a pattern or practice of such violations. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690-91 (1978).

## II. Plaintiffs Have No Justiciable Challenge to Local Law 4-2024.

As explained in Defendants' response to Plaintiff's Motion for Leave to Amend, Plaintiff has not asserted a justiciable challenge to Local Law 4-2024. First, Plaintiff lacks Article III standing to bring the challenge. Plaintiff's alleged injury—the Legislature's choice not to designate *Newsday* as the county's official newspaper—is not redressable by a favorable decision because the relief it seeks, reversion to the previous version of the County Charter, would leave it ineligible under that version's daily circulation requirement. Where standing is lacking, the Court is without jurisdiction to proceed—including to allow discovery. *See Cohen v. Saraya USA, Inc.*, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) (granting a motion to stay where the defendants argued that the plaintiff lacked standing to seek injunctive relief). And, second, Plaintiff is not within the zone of interests protected by any of the referendum laws it cites either in its amended complaint or its proposed second amended complaint, because those laws protect the interests of Nassau County *electors*. Not only is Plaintiff not a resident of Nassau County, as a corporation, it is not an elector at all.

Allowing discovery to proceed before the Court has resolved those justiciability issues would contravene the constitutional requirement that jurisdiction exist at the outset of the case. Until Plaintiff's motion for leave to amend and Defendants' Motion to Dismiss are resolved, the Court should decline to entertain discovery. *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)("[A] district court may stay discovery during the pendency of a motion to dismiss …").

## III. Plaintiff's Challenge to the Designation of the *New York Post* Will Be Dismissed.

Plaintiff nowhere pleads that it has satisfied the preconditions for its Open Meetings Law claim—it does not allege that it made a request for any of the business at the December 16 legislature meeting. Because that claim, too, will be dismissed, discovery is improper at this stage.

## CONCLUSION

Defendants respectfully request that the Court stay all discovery and any related discovery deadlines until the Court has ruled on Defendants' forthcoming Motion to Dismiss. No doubt, Plaintiff will claim that Judge Gujarati signaled at the pre-motion conference that the case may not be resolved *entirely* at dismissal, but she made clear that *she would reserve judgment* on the merits of the motion until the briefs are filed. Reserving judgment is appropriate given the charge in *Coughlin*, 849 F.2d at 780, that immunity must be adjudicated before discovery can occur. And developments after that conference strengthen Defendants' position. *Assoc. Press v. Budowich*, 2025 WL 2047025, at *1 (D.C. Cir. July 22, 2025) (declining *en banc* review of the stay to the injunction against excluding AP).

Respectfully submitted,

*/s/ Todd Cosenza*
Todd G. Cosenza