```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NEWSDAY LLC,

                              Plaintiff,                    ORDER
                                                            CV 25-1297 (DG) (ARL)
        -against-

NASSAU COUNTY, NASSAU COUNTY
LEGISLATURE, and BRUCE BLAKEMAN in
his individual capacity,

                              Defendants.
------------------------------------------------------------------------X
```

FILED
CLERK
10/23/2025 11:51 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**LINDSAY, Magistrate Judge:**

Plaintiff Newsday LLC ("Plaintiff") brings this Section 1983 action against Defendants Nassau County, Nassau County Legislature and Bruce Blakeman (collectively "Defendants"). By letter dated July 25, 2025, Defendants moved this Court for a stay of discovery. ECF No. 31. Plaintiff has opposed the motion. ECF No. 32.

On July 25, 2025, at the request of Judge Gujarati, Plaintiff's filed a letter motion seeking permission to file a Second Amended Complaint asserting a new cause of action and seeking to bolster a previously asserted claim. ECF No. 30. Defendants opposed the motion to amend. ECF No. 33. By Order dated July 30, 2025, this matter was referred to mediation. On August 26, 2025, the Court was notified that the parties mediation attempt had been unsuccessful.

Defendants argue that a stay of discovery is appropriate here because "Defendants' forthcoming Motion to Dismiss, which will raise defenses of immunity and lack of Article III standing and will likely result in dismissal of Plaintiff's complaint." ECF No. 31. Specifically, Defendants argue that Plaintiff's claims are barred by the doctrines of legislative immunity, qualified immunity and legislative privilege. *Id*. at 2. Additionally, Defendants argue that

Plaintiff has not asserted a justiciable challenge to Local Law 4-2024 because Plaintiff lacks Article III standing to bring the challenge and that Plaintiff has not satisfied the preconditions for its Open Meetings Law claim. *Id*. at 3. In response, Plaintiff's contend that each of Defendants' arguments lack merit, and this action will move forward.

The law is clear in this court that there is no automatic stay of discovery pending the determination of a motion to dismiss. *See, e.g., Gagliano v. United States*, No. 24-cv-07930 (SJB) (JMW), 2025 U.S. Dist. LEXIS 70714, 2025 WL 1104042, at *2 (E.D.N.Y. Apr. 14, 2025) (citing *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 U.S. Dist. LEXIS 93434, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006)); *Osan Limited v. Accenture LLP*, CV 05-5048 (SJ)(MDG), 2006 WL 1662612, *1 (E.D.N.Y. June 13, 2006). Rather, Federal Rule of Civil Procedure 26(c) permits a district court to stay discovery during the pendency of a motion to dismiss for "good cause shown." Fed. R. Civ. P. 26(c); *see also Port Dock and Stone Corp. v. Old Castle North East, Inc.*, No. CV 05-4294 (DRH), 2006 WL 897996 (E.D.N.Y. March 31, 2006); *United States v. County of Nassau,* 188 F.R.D. 187, 188 (E.D.N.Y. 1999). The party seeking a stay of discovery bears the burden of showing good cause. *Osan*, 2006 WL 1662612, at *1. The "good cause" requirement is not satisfied simply by filing a dispositive motion. *Port Dock*, 2006 WL 897966, at *1 ("It is, of course, black letter law that the mere filing of a motion to dismiss the complaint does not constitute "good cause" for the issuance of a discovery stay.").

In deciding whether to grant a discovery stay, a court "must look to the particular circumstances and posture of each case." *Osan*, 2006 WL 1662612, at *1. In determining whether a stay of discovery is warranted, courts generally consider the

following factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Port Dock, 2006 WL 897996, at *1; *see also Brinkmann v. Town of Southold New York*, No. 21-cv-02468 (LDH) (JMW), 2022 U.S. Dist. LEXIS 157357, 2022 WL 3912974, at *1 (E.D.N.Y. Aug. 31, 2022). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Vida Press v. Dotcom Liquidators, Ltd.*, 22-cv-2044 (HG) (JMW), 2022 U.S. Dist. LEXIS 211786, 2022 WL 17128638, at *1 (E.D.N.Y. Nov. 22, 2022) (quoting *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)).

While Defendants argue that it is likely the entire action will be dismissed, at oral argument regarding Defendants' request for permission to move to dismiss the Amended Complaint, Judge Gujarati stated:

> But it seems to me that this case most likely will not resolve entirely at the motion to dismiss stage. I'm not going to prejudge any motion that will be made, but that's based on what I've seen so far, the research that I've done, and the case law that I'm familiar with. That's my initial take based on your letters.

ECF No. 35 at 22. Additionally, Plaintiff's motion to file a Second Amended Complaint designed to remedy certain of the defects identified by Defendants in their pre-motion conference letter remains pending. Thus, Defendants have failed to make a strong showing that Plaintiff's entire action is lacking in merit, and therefore, discovery in this matter should go forward. *See, e.g., Robbins v. Candy Digit. Inc.*, No. 23-cv-10619 (LJL), 2025 U.S. Dist. LEXIS 14252, 2025 WL 3072432025 (S.D.N.Y. Jan. 27, 2025) (denying motion to stay discovery because "Defendants' motion to

3

dismiss has not yet been filed, it is not obvious that such a motion is 'likely to succeed on the merits'"); *Rivera v. Inc. Vill. of Farmingdale*, No. 06-CV-2613 (DRH)(ARL), 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007) (denying motion to stay discovery where it was unlikely entire case would be dismissed).

Defendants' motion for a stay of discovery is denied, however, to reduce any potential prejudice to Defendants, discovery shall be limited to document discovery until the anticipated motion to dismiss is decided. The parties are direct to submit a Rule 26(f) meeting plan within seven days from the date of this order.

Dated: Central Islip, New York  **SO ORDERED:**
 October 23, 2025

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge