UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NEWSDAY LLC,

                        Plaintiff,

    -against-

NASSAU COUNTY, NASSAU COUNTY
LEGISLATURE, BRUCE BLAKEMAN,

                        Defendant.
------------------------------------------------------------X

**Rule 26(f) Report**
2:25-cv-01297-DG-ARL

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on __10/29/25__ and was attended by:

Lynn Oberlander, Saumya Vaishampayan, counsel for plaintiff(s) and

Jeremy Bylund, Joshua Mitchell, Brittany Wagonheim, counsel for defendant(s).

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. <u>INITIAL DISCLOSURES</u>
   Have the parties agreed to make initial disclosures?

   __x__ Yes      ____ No      ____ The proceeding is exempt under Rule 26(a)(1)(B).

   If yes, such initial disclosures shall be made by __11/19/25__.

2. <u>VENUE AND JURISDICTION</u>
   Are there any contested issues related to venue or jurisdiction?

   __x__ Yes      ____ No

   If yes, describe the issue: Defendants' view is that there is a jurisdictional defect in the state law claims and also a broader redressability standing issue because Newsday lacks the circulation to qualify as the newspaper of record under the prior county charter provision.

   If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by the deadline for Defendants' motion to dismiss.

3. <u>PARTIES AND PLEADINGS</u>
   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by __1/31/26__.
   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by __N/A__.

2

4. MOTIONS
   Are there any pending motion(s)? _X_ Yes  ____ No

   If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number: On July 18, 2025, Plaintiff sought leave to file a Second Amended Complaint. *See* Dkt. 30. Defendants opposed, *see* Dkt. 33, and anticipate moving to dismiss the First or Second Amended Complaint, depending on the outcome of Plaintiff's motion.

5. ISSUES
   Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand (an attachment may be provided to complete this section):

   Plaintiff's First Amended Complaint asserts a Section 1983 claim for First Amendment retaliation concerning the designation of Nassau County's official newspaper. Plaintiff also asserts that the amendment to the local law concerning designation of Nassau County's official paper constituted a curtailment of the power of the legislature to designate an official newspaper, and thus, under New York's Municipal Home Rule Law, must be subject to a referendum to be effective. Plaintiff further asserts that the agenda item and proposed resolution concerning the designation of Nassau County's official newspaper were not publicized before the December 16, 2024 meeting of the legislature, in violation of New York's Open Meetings Law. The proposed Second Amended Complaint makes adjustments to the New York state law claims.

6. DISCOVERY PROCEDURES
   a. The parties agree that all discovery, inclusive of expert discovery, shall be completed by _6/30/26*_. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period, allowing for a timely response. If, after having met and conferred, the parties are unable to reach an agreement on any matter related to discovery, they may seek the Court's assistance by letter motion pursuant to Local Rule 37.3 and in accordance with Judge Lindsay's Individual Rules.
   b. Do the parties anticipate the production of ESI? _x_ Yes ___ No[1]
      If yes, describe the protocol for such production:
      The parties remain in discussion over the ESI protocol.

   c. Do the parties intend to seek a confidentiality order?[2] Yes
      If yes, such order or agreement shall be filed with the Court by _11/19/25_.

---

[1] See attachment A.
[2] See attachment B.

3

* In light of Magistrate Judge Lindsay's order, which provides that only document discovery may proceed while Defendants' anticipated motion to dismiss is pending, and subject to the timing of rulings on Plaintiff's pending motion for leave to amend and Defendants' anticipated motion to dismiss, the Parties anticipate that they may need to seek modifications to the proposed deadlines and reserve the right to do so.

7. EXPERT TESTIMONY **
   a. Primary expert reports must be produced by __4/30/26*__.
   b. Rebuttal expert reports must be produced by __5/29/26*__.

   The schedule for expert discovery must be set in such a way to be completed before the discovery end date set for in paragraph 6(a). Absent a court order, this includes the time needed to complete expert depositions.

8. DISPOSITIVE MOTIONS
   Any party planning on making a dispositive motion must take the first step in the motion process by __7/31/26*__. It is expected that dispositive motion practice will commence approximately two weeks following the close of discovery.

9. SETTLEMENT
   Settlement discussions have __X__ / have not ___ taken place.

   Counsel for the parties have discussed an informal exchange of information in aid of early settlement in this case and have agreed upon the following:

   Continued settlement discussions are premature given the anticipated motion to dismiss.

   No later than one week after the close of discovery, counsel for all parties must meet to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to confirming that the settlement discussion occurred.

   The parties agree to make a good faith effort to settle this case. The parties understand that this case may be referred to an attorney mediator for a settlement conference. The use of any alternative dispute resolution mechanism does not stay or modify any date set forth in the scheduling order.

   In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.

10. RULE 16 PRETRIAL CONFERENCE
    Upon receipt of this Form the court will schedule a Rule 16 conference by telephone.

11. CONSENT TO MAGISTRATE JUDGE
    Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)
    _____ Yes __X__ No

12. OTHER MATTERS
    Indicate any other matters for the Court's consideration:

    Defendants reserve the right to file objections with the district court to the denial of Defendants' motion to stay discovery.

4

** The Parties agree that fact discovery should conclude one month before opening expert reports are due

13. Once approved any request for modification of this scheduling order must be in writing, and submitted in accordance with the undersigned's Individual Rule 1 (D) which requires that applications be made at least forty-eight hours before the scheduled appearance or deadline.

All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses. Failure to do so could lead to the entry of a dismissal or default.

Dated: 10/30/25

/s/ *Lynn Oberlander*
Lynn Oberlander
Saumya Vaishampayan
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019
Tel.: (212) 223-0200
Fax: (212) 223-1942
oberlanderl@ballardspahr.com
vaishampayans@ballardspahr.com

*Attorneys for Plaintiff Newsday LLC*

/s/ *Todd Cosenza*
Todd G. Cosenza
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Telephone: 212.728.8000
Facsimile: 212.728.8111
tcosenza@willkie.com

Jeremy M. Bylund
Joshua Mitchell
WILLKIE FARR & GALLAGHER LLP
1875 K. St. N.W.
Washington, D.C. 20006-1238
Telephone: 202.303.1000
Facsimile: 202.303.2000
jbylund@willkie.com
jmitchell@willkie.com

*Attorneys for Defendants Nassau County, Nassau County Legislature, and Bruce Blakeman*