**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

November 21, 2025

**VIA ECF**

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re:   Rule 72 Objection to Magistrate Judge's Order in
       *Newsday LLC v. Nassau County et al.*, No. 2:25-cv-01297-DG-ARL

Your Honor,

We represent defendants Nassau County, Nassau County Legislature, and Bruce Blakeman (together, "Defendants") in the above-captioned action (the "Action"). Defendants respectfully submit this objection under Rule 72(a) of the Federal Rules of Civil Procedure, seeking reversal of Magistrate Judge Lindsay's November 7, 2025 order granting Plaintiff's Motion for Leave to File a Second Amended Complaint (the "Order"). The Order must be set aside because it is contrary to law, clearly erroneous, and, critically, fails to address Defendants' threshold jurisdictional argument that Plaintiff lacks Article III standing to adjudicate the amended claims.

   I.   **The Order Must Be Set Aside Because It Fails to Consider Standing—A Mandatory Jurisdictional Requirement.**

Under Rule 72(a), a district judge "must … set aside any part of the order that is clearly erroneous or contrary to law." An order is "contrary to law" when it ignores or misapplies binding precedent. *Boggs v. Town of Riverhead*, 2020 WL 1929076, at *2 (E.D.N.Y. Apr. 20, 2020); *Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002). In the July 30, 2025 Opposition to Plaintiff's Motion, Defendants specifically argued that (i) Plaintiff lacks Article III standing to assert its proposed new claims because Plaintiff cannot plausibly allege any injury-in-fact, as it does not satisfy the mandatory circulation requirements under Section 2211 of the Nassau County Charter; and (ii) Plaintiff is not within the zone of interests of the statutes it invokes and thus lacks any statutory cause of action. *See* ECF No. 33. These defects render the amendment futile as a matter of law.

The Hon. Diane Gujarati
November 21, 2025
Page 2

Nevertheless, the Order declined to address these justiciability problems, expressly stating that it would "only consider whether the amendments proposed by Plaintiff in the Second Amended Complaint are futile" and would "not address whether the claims asserted in the Amended Complaint are subject to dismissal." ECF No. 38 at 3. But justiciability *is* the futility inquiry, and allowing Plaintiff to assert new claims that it cannot bring and that the Court lacks jurisdiction to hear is error. *Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 456 (E.D.N.Y. 2003) ("If a proposed amendment adds a claim and party over which the Court lacks subject matter jurisdiction, the amendment would be futile").

Ignoring a colorable jurisdictional challenge is also a constitutional error. *See* U.S. Const. Art. III § 2 (the judicial power of the United States "shall extend" only to "cases" and "controversies"). As the Supreme Court has made clear, "[w]ithout jurisdiction, the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). And standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008). Thus, when a party challenges standing, the court must address it. Federal courts do not have discretion to postpone, defer, or sidestep jurisdictional questions. *Citizens for a Better Env't*, 523 U.S. at 94–95 ("The requirement that jurisdiction be established as a threshold matter … is inflexible and without exception.") (internal quotations omitted). Doing so is reversible error.

By refusing to evaluate standing, Magistrate Judge Lindsay ducked binding Second Circuit precedent requiring courts to ensure subject-matter jurisdiction before granting leave to amend. *See Cortlandt St. Recovery Corp. v. Hellas Telecommc'ns, S.a.r.l.*, 790 F.3d 411, 422–23 (2d Cir. 2015) ("A court may not permit an action to continue, even where the jurisdictional deficiencies have been subsequently cured, if jurisdiction was lacking at the commencement of a suit.'") (cleaned up; quoting *Disability Advocates, Inc. v. N.Y. Coal. for Quality Assisted Living, Inc.*, 675 F.3d 149, 160 (2d Cir.2012)).

Further, Magistrate Judge Lindsay's refusal to address standing because it is *also* a ground for dismissal is clear error. *See* Order at 3. A court cannot declare that it has considered the futility of an amendment while simultaneously declining to address the very factor that determines futility. Simply put, a court cannot permit an amendment adding claims that the court cannot constitutionally hear. By omitting a standing analysis, the Order invokes the Court's jurisdiction where none exists. Under Rule 72(a), such an error is not entitled to deference and compels reversal.

    II.    **Plaintiffs' Attempt to Insert Nonjusticiable Claims Renders Amendment Futile as a Matter of Law.**

As Defendants explained, *see generally* ECF No. 33, Plaintiff's proposed amendment is fatally defective because the amendments fail to establish Article III standing for Plaintiff's newly asserted claims (or, for that matter, for the claim it seeks to replace). The Second Amended Complaint does not and could not allege any concrete injury-in-fact to support Plaintiff's state-law claims. Plaintiff bears the burden of "affirmatively and plausibly" alleging facts that establish standing. *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). Here, Plaintiff has done the opposite: Plaintiff's Second Amended Complaint, like its original complaint, affirmatively concedes that its circulation is too low to meet Section 2211's requirements. Plaintiff's alleged injury—that it has not been designated the

The Hon. Diane Gujarati
November 21, 2025
Page 3

County's official newspaper—is thus properly attributed to Plaintiff's *own* failure to satisfy the mandatory statutory prerequisites. A self-inflicted injury does not grant Plaintiff Article III standing. *See Harty v. W. Point Realty, Inc.* 28 F.4th 435, 443 (2d Cir. 2022) (rejecting standing where plaintiff affirmatively alleged that he was not among those harmed).

Nor, given that Plaintiff's alleged harm is dictated by law, not by Defendants' challenged conduct, can Plaintiff establish traceability or redressability. Plaintiff's injury is traceable not to the complained-of action—to wit: the Legislature's amendment of the official-newspaper law—but to the very words of the law the Legislature replaced, which Plaintiff asks the Court to reinstate. And no judicial declaration in Plaintiff's favor could cure its statutory ineligibility under that superseded law.[1]

Plaintiff separately falls outside the zone of interests of the referendum provisions it cites—laws that are designed to protect the interests of the County's electorate. *Gizzo v. Town of Mamaronek*, 824 N.Y.S.2d 366, 370–71 (N.Y. App. Div. 2d Dep't 2006). As a non-resident of Nassau County—and a corporation not entitled to vote in elections in any event—Plaintiff lacks any cause of action under the Home Rule Law, under the New York Constitution, or under the Nassau County Charter to challenge the absence of a referendum that Nassau County's voters could have sought.

These insuperable barriers to justiciability are inherent in Plaintiff's identity and in its own judicial admissions, and thus cannot be cured by repleading. Amendment under these circumstances is futile and leave should have been, and should be, denied. *Heath v. Banks*, 2016 WL 5716817, at *5 (E.D.N.Y. Sept. 30, 2016), *aff'd*, 692 F. App'x 60 (2d Cir. 2017) ("Because standing is a 'substantive' issue, plaintiff is not granted leave to amend his complaint as any amendment would be 'futile.'"). Defendants are prejudiced by this decision because the Magistrate Judge denied Defendants' motion to stay discovery. Plaintiff is now seeking discovery over claims for which there is no jurisdiction.

## Conclusion

For these reasons, Defendants respectfully request that the Court sustain this objection, set aside Magistrate Judge Lindsay's Order, and deny Plaintiff's motion for leave to amend.

Respectfully submitted,

/s/ *Todd G. Cosenza*
Todd G. Cosenza

cc: All counsel of record (via ECF)

---

[1] As Defendants explained, ECF No. 33 at 3, the Legislature's previous designations of *Newsday* do not alter this conclusion, because Plaintiff is bound by the statutes governing the Legislature's actions and cannot rely on past actions that violate those statutes. *See B.T. Skating Corp. v. Cnty. of Nassau*, 612 N.Y.S.2d 199, 200 (App. Div. 2d Dep't 1994); *Walentas v. N.Y.C. Dep't of Ports*, 561 N.Y.S.2d 718, 719 (App. Div. 1st Dep't 1990); *see also Granada Buildings, Inc. v. City of Kingston*, 444 N.E.2d 1325, 1326 (N.Y. 1982).