# Ballard Spahr
LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Lynn Oberlander
Tel: 646.346.8011
Fax: 212.223.1942
oberlanderl@ballardspahr.com

December 5, 2025

*By Electronic Filing*

Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Newsday LLC v. Nassau County et al.*, No. 2:25-cv-01297-DG-ARL
      Plaintiff's Response to Defendants' Rule 72 Objection to Magistrate Judge's Order

Dear Judge Gujarati:

Plaintiff Newsday LLC respectfully submits this response to Defendants' Rule 72(a) objection (Dkt. 41) to Magistrate Judge Lindsay's November 7, 2025 order (the "Order") (Dkt. 38) rejecting Defendants' claims of futility and granting Newsday leave to file a Second Amended Complaint (the "SAC"). "Rule 72(a) provides for 'a highly deferential standard of review,'" *New Falls Corp. v. Soni*, 2021 WL 878742, at *2 (E.D.N.Y. Mar. 8, 2021), and Rule 15(a) requires Defendants to "bear[] the burden of establishing why leave to amend should not be granted." *Jimenez v. Rutgers Cas. Ins. Co.*, 775 F. Supp. 3d 695, 698-99 (E.D.N.Y. 2025). The Order is neither contrary to law nor clearly erroneous, and Defendants have demonstrated no basis for the Court to modify or set it aside. *See* Fed. R. Civ. P. 72(a).

Courts strongly discourage parties from opposing motions to amend on grounds of futility to delay a motion to dismiss. *See, e.g., GGC Int'l Ltd. v. Ver*, 2025 WL 81319, at *2 (S.D.N.Y. Jan 13, 2025) (declining to conduct a futility analysis on an objection to amendment where such arguments "are better suited for consideration in the context of a motion to dismiss"); *Livingston v. Trustco Bank*, 2021 WL 6199655, at *2 (N.D.N.Y. Apr. 23, 2021) (instructing that a futility defense to a motion to amend "is not, in short, a substitute for a motion to dismiss"). Defendants nevertheless have done just that. Even if this Court were to uphold their objection and deny leave to amend, the same arguments they advance about standing to argue futility will need to be addressed again, after full briefing, in Defendants' forthcoming motion to dismiss, because the operative complaint already includes a Municipal Home Rule Law claim. *See* Order at 10.

Magistrate Judge Lindsay thus correctly found that the requested amendment creates no cognizable prejudice to Defendants and, even if it did, "the [C]ourt's interest in litigating all claims in a single action far outweighs any prejudice." *Id.* at 11. The finding is plainly correct.[1] *See Liang v. Home Reno Concepts*, 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) (permitting amendment to conserve judicial resources where denying leave to amend on the basis of the futility would still require the court to opine on the same type of claim to decide a motion on the pleadings). Defendants' premature standing objection is simply part of an ongoing litigation strategy to prolong this case and run up Newsday's costs—a strategy that also wastes judicial resources and inflicts excessive and unnecessary costs on the taxpayers of Nassau County.[2]

**Amendment is not futile.**

An amendment is futile only if the proposed claims would not "withstand a motion to dismiss," which occurs when they do not state claims to relief that are facially plausible. *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015); *see also Indian Harbor Ins. Co. v. Sarant Int'l Commodities, Inc.*, 2021 WL 148679, at *3 (E.D.N.Y. Jan. 15, 2021) (A court is not required to make a final determination on the merits but "must only 'satisfy itself that [the claim] is colorable and not frivolous.'"). Defendants make no such showing of futility.

First, Defendants now contend that Newsday cannot plausibly allege an injury-in-fact for Article III standing, even though they earlier argued that Newsday's injury was not redressable. *Compare* Dkt. 41 at 1 *with* Dkt. 33 at 3. Whatever their argument, Newsday plausibly alleges each element of Article III standing. *See FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024). The first amended complaint alleges that (1) Newsday suffered an injury in fact when stripped of its official newspaper status and denied the related legal notice revenue, (2) this injury was caused by Defendants as part of a "holy war" to punish Newsday, and (3) the injury would be redressed by returning Newsday to its position as official

---

[1] Defendants' half-hearted argument of prejudice from Magistrate Judge Lindsay's denial of their motion to stay discovery is equally misplaced. They object that this will allow Newsday to seek "discovery over claims for which there is no jurisdiction," Dkt. 41 at 3, but fail to note that the limited discovery permitted by Magistrate Judge Lindsay pertains equally to Newsday's Section 1983 claim, for which jurisdiction is undisputed. No prejudice exists.

[2] While Newsday seeks recovery of only about $250,000 in yearly revenue that Defendants' unconstitutional acts have denied it, Defendants recently asked the Legislature to increase to over *$3.4 million* the amount authorized to be spent on legal fees to defend this case and litigate open records matters involving Newsday. *See November 24th 2025 – Nassau County Full Legislature Meeting*, https://vimeo.com/1140115254 (discussion of request related to this lawsuit between 3:01:39 and 3:04:05).

newspaper, paying the requested compensatory damages, and ordering the County and Legislature to make future official newspaper designations on articulable content- and viewpoint-neutral criteria. *See* Dkt. 22 ¶¶ 76, 34-52, prayer for relief. (Defendants do not deny that Newsday was the official paper for many years, and so their further argument that Newsday should never have been the official paper under the prior statute is a red herring and one best left for full explication through discovery and motion practice.)

Defendants' citations to cases emphasizing the importance of justiciability and standing, *see* Dkt. 41 at 2-3, are irrelevant given the plausible allegations of Article III standing made by Newsday. The case they cite to claim that "Magistrate Judge Lindsay ducked binding Second Circuit precedent," *id.* at 2, is similarly inapposite, as it did not involve a motion for leave to amend under Rule 15(a). *See Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 422 (2d Cir. 2015) (addressing Rule 17 amendment).

Second, Defendants argue that Newsday is not within the zone of interests "of the statutes it invokes" and thus lacks a statutory cause of action to proceed. Dkt. 41 at 1. In determining whether an amended complaint is futile, however, courts may only consider *new claims* that the plaintiff seeks to add to the complaint. *See* Order at 10-11; *Tapjets Inc. v. United Payment Servs., Inc.*, 2021 WL 3129886, at *7 (E.D.N.Y. July 22, 2021). Accordingly, only the SAC's Count Three—for violations of HRL § 34(5) *and* the New York Constitution—is presently before the Court. Defendants fail to explain, let alone establish, how its zone of interest arguments apply to the New York Constitution. The sole case it relies on discusses only the zone of interests with respect to Section 23 of the Municipal Home Rule Law. *See Gizzo v. Town of Mamaroneck*, 36 A.D.3d 162, 167-68 (2d Dep't 2006) ("The petitioner is not, however, within the 'zone of interests or concerns' sought to be protected by the statute upon which he relies, Municipal Home Rule Law § 23(2)(f).").

For these reasons, Defendants have not met their burden of establishing that amendment is futile. As leave to amend a complaint should be freely granted, Newsday respectfully requests the Court to overrule Defendants' Rule 72(a) objection and set a briefing schedule for Defendants' anticipated motion to dismiss the SAC.

Respectfully submitted,

*Lynn Oberlander*
Lynn Oberlander

Cc: All counsel of record (via ECF)