# EXHIBIT B

**NOTICE OF CLAIM**

TO: Nassau County and Nassau County Legislature

 PLEASE TAKE NOTICE that Claimant Newsday LLC, by its undersigned counsel, pursuant to New York County Law § 52 and New York General Municipal Law § 50-e, hereby makes claim and demand against you as follows:

1. The name and post office address of the claimant and of its attorney is:

<table>
<tr><td align="center"><u>Claimant</u></td><td align="center"><u>Claimant's Attorney</u></td></tr>
<tr><td>Newsday LLC</td><td>Ballard Spahr LLP</td></tr>
<tr><td>6 Corporate Center Drive, Melville, New York 11747</td><td>1675 Broadway, 19th Floor, New York, NY 10019</td></tr>
</table>



COPY RECEIVED THIS ___ DAY OF ___ 20 ___ COUNTY ATTORNEY NASSAU COUNTY BY ___

NASSAU CO. ATTORNEY 2025 JAN 28 AM 11:53

2. The nature of the claim: These claims relate to the Nassau County Legislature's passage of a resolution on December 16, 2024 that designated the New York Post as the official newspaper of Nassau County. The resolution adopted the recommendation of County Executive Bruce Blakeman, purportedly made pursuant to Local Law 4-2024.

Claim 1: The Nassau County Legislature passed Local Law 4-2024 amending Section 2211 of the Nassau County Charter on June 24, 2024, that, when effective, would diminish the Legislature's power to choose an official newspaper independently and insert the county executive into the designation process. This local law seeks to transfer and curtail the power of the elected members of the Legislature. Any such local law proposing to transfer or curtail any power of an elective officer of the County must be approved by the voters in a referendum to take effect. *See* N.Y. Mun. Home Rule Law § 23(2)(f); Nassau County Charter § 155. Acting contrary to law, the Legislature passed Local Law 4-2024 and deemed it operative or effective *without* holding a mandatory referendum. Because Local Law 4-2024 transfers and curtails the power of elected members of the Legislature, it has no legal force or effect unless and until it is presented to and approved by voters in a referendum. Accordingly, the Legislature's conduct on December 16, 2024, purporting to act pursuant to authority granted in Local Law 4-2024 violates Municipal Home Rule Law § 23(2)(f) and County Charter § 155.

Claim 2: Upon information and belief, the Nassau County Legislature intentionally kept a proposed resolution to remove Newsday as Nassau County's official newspaper off of the public agenda of the December 16, 2024 meeting and chose not to make the text of the proposed resolution public in advance of that meeting. Any proposed resolution set to be discussed at an open meeting of a public body "shall be made available" before the meeting. N.Y. Pub. Off. Law § 103(e). Upon information and belief, the Nassau County Legislature made these decisions to avoid public scrutiny of the proposed resolution. As a result, Newsday was unaware that the Nassau County Legislature was set to debate Newsday's official newspaper designation. The Nassau County Legislature's passage of

Resolution No. 12-24 on December 16, 2024, purportedly making the New York Post the official County newspaper, violates New York Public Officers Law § 103(e).

3. The time when, the place where, and the manner in which the claim arose: The claim arose during the meeting of the Nassau County Legislature in Mineola, New York on December 16, 2024, that started at or about 1:20 p.m.

4. The items of damage or injuries claimed are: Newsday was injured when the Nassau County Legislature purported to remove it as Nassau County's official newspaper in Resolution 12-24, passed pursuant to the provisions of Local Law 4-2024, which lacked any legal force or effect at the time of Nassau County Legislature meeting.

5. That said claim and demand is hereby presented for adjustment and relief. You are hereby notified that unless it is adjusted and relief provided within the time provided by law from the date of presentation to you, the claimant intends to commence an action on this claim (see enclosed complaint).

I affirm this 29 day of January, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Lynn Oberlander
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019
Tel.: (212) 223-0200
Fax: (212) 223-1942
OberlanderL@ballardspahr.com

*Counsel for Claimant Newsday LLC*

2